**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Law Offices of Michael McLaughlin, LLC
72 West End Avenue
Somerville, New Jersey  08876
Phone:  (908) 393-0890
Fax:  (908) 393-1864
Counsel for Defendant, Keyurkumar J. Patel
Michael McLaughlin, Esq

| | |
|---|---|
| In the Matter of:<br><br>**PRATIK PATEL,**<br><br>Debtor, | Chapter 7<br><br>Case No.  23-17327(JNP)<br><br>Hon. Jerrold N. Poslusny, Jr. |
| **CHARLES M. FORMAN, as Chapter 7 Trustee for the Estate of Patrik Patel,**<br><br>Plaintiff,<br><br>vs.<br><br>**JANVI HOTEL SUPPLY, LLC, VIRAL L. PATEL, PRIYNKA PATEL, KEYURKUMAR J. PATEL, GOVINDBHAI S. PATEL and PRATIK PATEL.,**<br><br>Defendants. | Adv. Pro. No. 24-01331 (JNP) |

### DEFENDANT KEYURKUMAR PATEL'S ANSWER & AFFIRMATIVE DEFENSES

Defendant, Keyurkumar J. Patel, by way of Answer and Affirmative Defenses to the

Trustee's Complaint, by counsel, Law Offices of Michael McLaughlin, Esq. does hereby state:

## NATURE OF THE PROCEEDING

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

## THE PARTIES

8.     Admitted.

9.     Admitted.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in  paragraph 12 of Plaintiff's Complaint.

13.    Defendant admits residing at 317 East Boulevard, Williamston, North Carolina 27892 and denies all remaining allegations contained within this paragraph and leaves Plaintiff to his proofs.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of Plaintiff's Complaint.

## **FACTUAL BACKGROUND**

15.    Admitted.

16.    Admitted.

17.    Defendant admits Pratik Patel has been involved in the hotel business for many years and denies the remaining allegations set forth in paragraph 17 of Plaintiff's Complaint and leaves Plaintiff to his proofs.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21.    Defendant admits Debtor Patel represented he worked at Janvi but is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of Plaintiff's Complaint.

**The Fraudulent Ponzi Scheme**

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25.     Defendant admits he is one of the individuals in the social network of Debtor Pratik Patel who was contacted for purpose of utilizing the American Express credit card of his wife, Priyanka Patel and denies all remaining allegations of this paragraph.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of Plaintiff's Complaint.

a.     **DRRS Family, LP**

27.     Defendant Keyurkumar Patel admits knowledge that on about September 2022 Debtor Pratik Patel was soliciting a $1 million loan from an entity, DRRS Family, LP, but the remaining allegations of this paragraph are denied.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in  paragraph 28 of Plaintiff's Complaint.

29.     Defendant admits he believed that any loan from DRRS to the Debtor would be used to purchase hotel supplies for one or more of Debtor Pratik Patel's businesses.   The remaining allegations of this paragraph are denied.

30.     Defendant admits ownership of Kiyaan, Inc but denies all other allegations set forth in paragraph 30 of Plaintiff's complaint.

31.    Defendant denies all allegations contained in paragraph 31 of Plaintiff's complaint.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35.    Defendant admits DRRS and Janvi entered into a loan agreement and promissory note with DRRS for a $1 million short term loan for which defendant Keyurkumar Patel and his wife Priyanka Patel each executed a personal guarantee. Defendant and his wife Priyanka did not sign the DRRS Loan Agreement or Promissory Note and did not provide any personal or business financial information to DRRS, Pratik Patel, or to any other party in connection with the transaction.

36.    The allegations of paragraph 36 of Plaintiffs complaint set forth legal conclusions. The terms of the DRRS Note speak for themselves as to the terms and interest rate of the loan. To the extent a response is required, the allegations are denied and Plaintiff is left to his proofs

37.    Defendant admits he and his wife and other signed a personal guarantee of the DRRS loan obligation  but is without knowledge or information sufficient to form a belief as to the truth of the allegations to paragraph 37 of Plaintiff's Complaint.

38.     Defendant admits he and his wife Prianka Patel executed personal guarantees for repayment of the DRRS Loan Agreement and Promissory Note, all remaining allegations of this paragraph are denied.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of Plaintiff's Complaint.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49.     Admitted. Defendant and his wife retained counsel to defend the case.

**b. Rupal Patel**

50.     Does not pertain to defendant Keyurkumar Patel.  For this reason, no response is provided and all allegations are denied.

51.     Does not pertain to defendant Keyurkumar Patel.  For this reason, no response is provided and all allegations are denied.

52.     Does not pertain to defendant Keyurkumar Patel.  For this reason, no response is provided and are all allegations are denied.

53.     Does not pertain to defendant Keyurkumar Patel.  For this reason, no response is provided and are all allegations are denied.

54.     Does not pertain to defendant Keyurkumar Patel.  For this reason, no response is provided and all allegations are denied.

55.     Does not pertain to defendant Keyurkumar Patel.  For this reason, no response is provided and all allegations are denied.

56.     Does not pertain to defendant Keyurkumar Patel.  For this reason, no response is provided and all allegations are denied.

57.     Does not pertain to defendant Keyurkumar Patel.  For this reason, no response is provided and all allegations are denied.

58.     Does not pertain to defendant Keyurkumar Patel.  For this reason, no response is provided and all allegations are denied.

## The Debtor's Fraudulent Transfers

59.     Defendant Keyurkumar Patel admits to receiving $50,000.00 wire transfer on or about March 22, 2023 representing the amount identified in paragraph 64 of Plaintiff's Complaint. All remaining allegations of this paragraph are denied.

a.     **Payments to Viral L. Patel**

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of Plaintiff's Complaint.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of Plaintiff's Complaint.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of Plaintiff's Complaint.

63.     The allegations set forth in paragraph 63 of Plaintiff's Complaint are legal conclusions. To the extent a response is necessary the allegations are denied.

b.     **Payments to Kevurkumar Patel**

64.     Admitted in part as to the date and amount of the payment. The source of the $50,000 was from a joint bank account owned by the Debtor and his spouse.

65.     Defendant denies all allegations contained within paragraph 65 of Plaintiff's Complaint.

c.     **Payments to Govindbhai S. Patel**

66.     Paragraphs 66 through 77 of Plaintiff's Complaint do not pertain to Defendant Keyurkumar Patel. To the extent that any response is required, all allegations are denied.

## COUNT ONE

### (Against the Defendants to Avoid and Recover
### The DRRS Obligation – 11 U.S.C. §§ 548(a)(1)(A), 550 and 551)

78.    Denied.

79.    Admitted.

80.    Defendant denies each and every allegation contained within paragraph 80 of Plaintiff's Complaint.

81.    The allegations set forth in paragraph 81 of Plaintiff's Complaint set forth legal conclusions. To the extent a response is required, all allegations are denied

82.    The allegations set forth in paragraphs 82 through 85 of Plaintiff set forth legal contentions. To the extent a response is required, all allegations are denied

WHEREFORE, Keyurkumar Patel demands judgment dismissing Count One of Plaintiff's Complaint.

## COUNT TWO AND COUNT THREE

86.    The allegations contained within paragraphs 86 through 107 of Plaintiff's Complaint set forth legal conclusions against all Defendants in the adversary proceeding in support of several causes of action under the New Jersey Uniform Fraudulent Transfer Act N.J.S.A. 25:2-25(a)(1) and (a)(2) and 11 U.S.C. §548 of the Bankruptcy Code. To the extent a response is required all allegations in Counts Two and Three are denied and Plaintiff is left to its proofs.

## COUNTS FOUR, FIVE, SIX, SEVEN, EIGHT AND NINE

108.    The allegations set forth in paragraphs 108 through 165 of Plaintiff's Complaint set forth allegations against other Defendants in the case that do not pertain to Defendant

Keyurkumar Patel.  To the extent a response is required, all allegations in Counts Four through Nine are denied and Plaintiff is left to his proofs.

## COUNT TEN

**(Against Keyurkumar Patel to Avoid and Recover
The Keyurkumar Transfer – 11 U.S.C. §§ 548(a)(1)(A), 550 and 551)**

166.    Denied.

167.    Admitted.

168.    Denied. Plaintiff is left to his proofs as to the contention the transfer benefited an insider as defined under the Bankruptcy Code.

169.    Defendant denies each and every allegation contained in paragraph 169 of Plaintiff's Complaint.

170.    The allegations contained within paragraph 170 of the Plaintiff's Complaint set forth legal conclusions.  To the extent a response is required, the allegations are denied.

171.    The allegations contained within paragraph 171 of the Plaintiff's Complaint set forth legal conclusions.  To the extent a response is required, the allegations are denied.

172.    The allegations contained within paragraph 172 of the Plaintiff's Complaint set forth legal conclusions.  To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant Keyurkumar Patel demands judgment dismissing Plaintiff's Complaint.

## COUNT ELEVEN

**(Against Keyurkumar Patel to Avoid and Recover
The Keyurkumar Transfer – 11 U.S.C. §§ 548(a)(1)(B), 550 and 551)**

173.    Denied.

174.    Admitted.

175.    Defendant denies each and every allegation contained with paragraph 175 of Plaintiff's Complaint.

176.    The allegations contained within paragraphs 176 through 183 of Plaintiff's Complaint sets forth legal conclusions.  To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant Keyurkumar Patel demands judgment dismissing Plaintiff's Complaint.

## COUNT TWELVE

### (Against Keyurkumar Patel to Avoid the Keyurkumar Transfer Under the Uniform Voidable Transactions Act – N.J.S.A. 25:2-25(a)(1) and (2))

184.    Denied.

185.    Admitted.

186.    Admitted.

187.    The allegations contained within paragraphs 187 through 193 of Plaintiff's Complaint set forth legal conclusions.  To the extent a response is required, the allegations are denied.

WHEREFORE, Keyurkumar Patel demands judgment dismissing Count Twelve of Plaintiff's Complaint.

## COUNTS THIRTEEN, FOURTEEN, FIFTEEN, SIXTEEN AND SEVENTEEN

194.    The allegations contained within Counts Thirteen through Seventeen of Plaintiff's Complaint set forth in paragraphs 194 through 240 do not pertain to defendant Keyurkumar Patel.  To the extent a response is required, the allegations are denied.

11

## COUNT EIGHTEEN

### (Against the Defendants for an Accounting and Turnover – 11 U.S.C. §542)

241.    Denied.

242.    The allegations contained within paragraphs 242 through 245 of Plaintiff's Complaint set forth legal conclusions. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant Keyurkumar Patel demands judgment dismissing Count Eighteen of Plaintiff's Complaint.

## COUNT NINETEEN

### (Against the Defendants for Unjust Enrichment)

246.    Denied.

243.    Paragraphs 247 through 251 of Plaintiff's Complaint set forth legal conclusions. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant Keyurkumar Patel demands judgment dismissing Count Nineteen of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The $50,000.00 payment by Pratik Patel to Keyurkumar Patel was not a transfer made with actual intent to hinder, delay or defraud any person or entity. The transfer represented a valid obligation of the Debtor for business and personal charges for goods and services that were

12

incurred on the personal American Express card of Priyanka Patel. Pratik Patel lacked credit. Due to a personal relationship between his wife, Dharmi Patel, a childhood and school friend of Defendant's wife, Priyanka Patel, Pratik Patel requested authority to use Priyanka Patel's Amex Card. Pratik Patel agreed to reimburse all charges on Priyanka Patel's American Express card by direct payment to AMEX. Therefore, when he defaulted upon his agreement he had received the benefit of the goods and services charged on Priyanka Patel's personal AMEX credit card.

### THIRD AFFIRMATIVE DEFENSE

Debtor, Pratik Patel, did not receive less than equivalent value in exchange for the transfer of $50,000.00 to Keyurkumar Patel. The transfer was in payment of a legitimate debt obligation for which there had been a history of repayment based on prior to the default. The partial repayment was made in the ordinary course of the Debtor's business and financial affairs.

### FOURTH AFFIRMATIVE DEFENSE

The claims set forth in the Plaintiff's complaint are barred in whole or part because Defendants provided good and sufficient consideration and value as defined in N.J.S.A. 25:2-24 and 11 U.S.C. 548 representing reasonably equivalent value for any transfer of funds.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in Plaintiff's complaint are barred in whole or part by Defendants' right of setoff and/or recoupment against the Debtor estate of Pratik Patel.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in Plaintiff's complaint are barred in whole or part because Debtor Pratik Patel (i) was not insolvent on the dates the alleged transfers occurred; (ii) may not have been engaged in a business or transaction, or may not have been about to engage in business or a

transaction for which any property remaining was an unreasonably small capital; (iii) may not have intended to occur, or believe that he would incur, debt beyond his ability to pay his debts; or (iv) did not make the  transfer to or for the benefit of an insider or incurred such obligation for the benefit of an insider outside the ordinary course of business

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Plaintiff's complaint under N.J.S.A. 25:2-27(b) and 11 U.S.C. 548 are not avoidable or recoverable by the Plaintiff because Pratik Patel received reasonably equivalent value in exchange for the transfer made or obligation incurred.  The Debtor was not rendered insolvent as a result of the transfers and was not insolvent at the time the transfers were made.  Defendants had no reasonable cause to believe the Debtor was insolvent.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant Keyurkumar Patel received a transfer of $50, 000.00 in good faith and in exchange for reasonably equivalent value under N.J.S.A. 25:2-30(f)(2). Any transfers made were in the ordinary course of business or financial affairs of the Debtor and Defendant.


LAW OFFICES OF MICHAEL McLAUGHLIN, LLC

By: _____

MICHAEL McLAUGHLIN, ESQ.

Counsel for Defendant Keyurkumar Patel


DATED:  July 11, 2024

14